You may begin whenever you're ready. Thank you, Your Honor. Good morning. My name is Adam Hirsch. I'm appearing alongside Brittany Benjamin on behalf of the petitioner, Mr. Solorio-Ruiz. Ms. Benjamin and I are certified law students appearing under the supervision of Professor Jayshree Shreekanthiah. I'd like to try and reserve three minutes for rebuttal. Your Honor, you may try to do that, as you see it's not always easy to do. As you see, we may be the one that keeps you from getting your goal. Well, I'll do my best, Your Honor. You're doing a good job. Go for it. California Penal Code Section 215 no longer meets the requirements for an aggravated felony crime of violence because of two independent lines of case law, neither of which can be reconciled with Niavas-Medrano v. Holder. Those two lines of case law make it clear that the by-means-of-force-or-fear element in Section 215, first, lacks any requirement of mens rea as to the use of force. Let me shortcut this by saying your first argument is a State law argument that may have changed the law in California, but we held pretty clearly in Flores-Mejia that it marked no change in California law and merely confirmed what California law already required. So what do you – what is your response to that issue? I think that statement in Flores-Mejia, Your Honor, is best read as a dicta, because Flores-Mejia specifically changes the way in which Section 215 is classified under the sentencing guidelines. Prior to Flores-Mejia, it was on the basis of its elements, and that was based on Bessarrio Lopez cited in Niavas-Medrano. After Flores-Mejia, it's based on its alignment with the enumerated list of offenses in the sentencing guidelines, and the elements no longer qualify Section 215 as a crime of violence. The reason we know that is because of United States v. Dixon, which looked at Anderson and said that under Anderson, California robbery cannot qualify as a crime of violence precisely because it lacks this mens rea element after Anderson. That undermines the law. But, well, keep going. That undermines. That's exactly what happened in Dixon. Go ahead. Yes. And that undermines the logic of Niavas-Medrano entirely, because Niavas-Medrano says that because California robbery is a crime of violence, Section 215 must be as well. But the shared element between Section 215 and California robbery, the by means of force of fear element, has been held in a decision binding on this Court, Anderson, to lack the mens rea element that a Federal crime of violence must have. I guess I have some difficulty with the correctness of that proposition, because, which is neither here nor there. Dixon, if Dixon binds us, it binds us, whether it's right or wrong. But it strikes me that Anderson retains very much a mens rea element. The only thing that isn't required is the specific intent to harm a person, but it still requires the specific intent to take the property and use whatever force is required in order to do that. It's not just negligence or recklessly I stole the car. It's much more of a mens rea than that. Well, Your Honor, the only mens rea required for Section 215 and robbery alike is the specific intent to harm a person, but it's not just negligence or recklessly  It's much more of a mens rea than that. So I think it's very difficult, and whatever force is used, in fact, it goes to the force of fear prong, but there's no intent element as to the force of fear prong. So, in fact, the language of the California Supreme Court in Anderson is that the force can be used even accidentally. Well, I think that I have some quarrel with that, but it's probably too convoluted to go through. But I want to reach the second issue, which is the Johnson issue. And Yevas doesn't really say anything about the level of force, per se. So how do we know that Johnson is inconsistent with it? I mean, we don't know what the Court was thinking about the level of force that it thought California law required, because it could have thought it required what Johnson said, for all we know. That may be true, Your Honor, but this Court and panels of this Court have relied on Johnson in the past to reverse classifications of offenses as crimes of violence, even when the prior panel decision didn't have much to say about the level of force involved. So the best example here is Flores-Cordero, which concerned Arizona's resisting arrest statute. Now, prior to Johnson, that was classified as a crime of violence. But after Johnson, a panel of this Court reversed that classification because that statute reached things like minor scuffles. And it said that the original Court, the original panel did not have the benefit of Johnson in making its decision, and now that it did have the benefit of Johnson, it could reconsider the issue. That's exactly the situation here. So even though the Nieves Court had a very short decision based on pro se briefing and did not discuss the force issue specifically, it certainly didn't have the requirement that they didn't know that the Federal requirement existed for an offense to have force capable of causing pain or physical injury. Now that the Supreme Court has handed down that requirement, it's very clear that Section 215 falls below it. And so there's no way to reconcile Johnson with Nieves-Medrano. We really said that physical force means violent force, didn't we, in United States v. Giozos? In Giozos, Your Honor, yes, the case that was submitted to the Court in the 28th Jailer. The reason that I pointed that out, you've got Judge Graber sitting right here. You've got Judge Graber on with Judge Clifton and Judge Smith. And when I read Giozos, it seemed to me that that was pretty definitive. Physical force means violent force. That's all it can mean. That's exactly right, Your Honor. There must be violent force. And just like in Giozos, Section 215 only requires that any force sufficient to overcome a victim's resistance is used. There's no requirement that the jury find that there be violent force. So the fact that there's no threshold set for the California statute means that it doesn't have the requirements of a Federal crime of violence. Rather, any force, however minor, that overcomes any resistance, however minimal, is sufficient for conviction. And there's a number of California cases that have said that precisely. There are cases where the defendant claims that the amount of force he or she used was not enough force to convict him or her under the statute, and the California court of appeal has said repeatedly that doesn't matter. All that matters is whether you used any force and there was any resistance that was overcome. So Giozos is directly on point, I would say. Well, and also, it seems to me when we're really considering the application of Anderson and what the California court of appeal would say about Anderson, we have to look at People v. Hudson, wouldn't we? That's exactly right, Your Honor. And People v. Hudson, as I understand it, emphasizes your point. Indeed. So I think Anderson alone, because of the shared element, would suggest that Section 215 lacks the requisite mens rea, but Hudson removes all doubt. Hudson holds explicitly that Section 215 doesn't meet, doesn't have a mens rea requirement as to the use of force, that even accidental force is sufficient. Let's turn to theft. Absolutely, Your Honor. And I know our time is growing rather short, but we're all, I saw your time and we've gone on about that for a long time, so let's give you your best shot at theft. I'll talk about it briefly, and Ms. Benjamin can talk about it in more depth in her rebuttal. Oh, she's the one that's the best shot at theft. Oh, sorry. But just to flag the theft issue here, what we have in this case is an unambiguous Federal definition as to what a theft defense requires. It requires a taking of property without consent, without consent and from the true owner. How can we possibly reach that issue without a remand? The issue can be reached, Your Honor, because it's something this Court ultimately  It's not something that's going to be decided by the Supreme Court. The Supreme Court seems to have a different view of our authority in these situations under Ventura and Thomas and other cases that say if the agency hasn't looked at it, you can't look at it first. This Court has, and I do note the time is growing rather short, but this Court has on a number of occasions held in the first instance on issues where there's an unambiguous Federal definition like there is here, and the only question is the match between that definition and the State statute, because that's something that this Court would ultimately review to know about. But didn't we in Fragoso v. Holder say there's three things we have to look at? This Court in the past declined a remand to the BIA, and this is quoting Fragoso, where, one, only legal questions remain, and these questions do not invoke the Board's expertise, which I think can fit this one. Two, all relevant evidence regarding the conviction has been presented, the BIA has in earlier proceedings. That can be met here. The third, I'm having a tough one, the BIA has already once determined that the offense fell within the generic definition. I don't think they've ever done that. I think you're right, Your Honor, that the BIA hasn't addressed carjacking's classification under theft. That's certainly true. But Fragoso is not the only case that considers this issue. Monduhana-Rayall, which is also cited in our briefs, does exactly the same thing. It doesn't remand. Well, I understand what that case said, but that's the reason I made you think about Fragoso, and I would have had your colleague think about it. It seems to me that Fragoso writes out right in there, plain language for me, I'm only a three-court panel, three-judge panel. I'm not the big 11-judge panel that can do whatever the heck I want to. I've got to follow along, and that says these are the three conditions that I have to meet. Doesn't it? I don't think, Your Honor, Fragoso is laying out a strict three-part test. I think it was laying out the factors that the Court was considering in that case. Here, just as in Fragoso, there's a clear Federal definition, and the only question is the match, and the fact that this Court is the ultimate determiner of whether that match exists should be enough for the Court to retain jurisdiction. I'll remain with the question. We have a couple seconds left, but we'll give you a minute for rebuttal. Thank you so much, Your Honor. We'll get on with others, and we'll hear from the government. Ms. Lott, on behalf of the United States Attorney General, the Court should deny the petition for review in this case because Petitioner's California carjacking    a rebuttal from the United States Attorney General. Ms. Lott, on behalf of the United States Attorney General, the Court should deny the defendant take a vehicle from the victim or the victim's immediate presence with the intent to deprive the victim of the vehicle accomplished by means of force or fear. Therefore, on the face of the statute, there's a requirement that force or fear be used. Fear is defined in pattern jury instructions for carjacking that the fear is of injury to a person or property. The realistic probability test confirms that California courts have not convicted anyone for carjacking based on conduct that was unintentional or nonviolent. Let me think about this, and maybe you can explain it to me. It seemed to me that we in, and you all say this a little bit differently than I do, I'll say Nieves-Madrano, that we said in Nieves-Madrano that 215 was categorized categorically a crime of violence because it had the same elements as Section 211. And then we came out in United States v. Dixon, and we said 211 is not a categorical match. And we said then it isn't a crime of violence. So at that point, it seems to me that the dicta, or you may call explanation, whatever, basis is what I call, is no longer right. So we can't use our prior precedent to make this decision. We've got to reexamine the issue again, haven't we? I would say two things, Your Honor. First, Dixon is another three-panel, or three-judge panel decision, and therefore it can't overrule Nieves. And second, there are . . . What do you mean it can't? Between that and between what Dixon said and what we did in Nieves-Madrano, there's no Supreme Court precedent which will allow us to look at that again? So as far as the decision in Johnson regarding the force requirement, Johnson is not irreconcilable with Nieves. Even before Johnson was decided, violent force was required for a state offense to be a crime of violence. Is that, I guess, I understand your point that Dixon, per se, cannot cause us to overrule our earlier case, but the reasoning maybe gets us to a reconsideration. But is there a difference in California law between the level of force and violence for carjacking versus the level of force or violence for robbery? Is there a different pattern instruction that has a different level of force used or some other distinction? Yes, Your Honor. What is the distinction? The distinction between carjacking, between the force required for carjacking and the force required for robbery. While both, as noted in the recent California appellate court case, Hudson, from earlier this year, that refers to force that is sufficient to overcome the victim's resistance. A key distinction about carjacking is it's always going to involve a car or motor vehicle. And so the level of force used in the carjacking when the force applied is the force against the car to make the escape with the car. That is a level of violent force that just isn't, that's not similar to a situation with robbery with... I don't understand that. I'm sorry. If you grab someone's jewelry, you know, and you clutch it in your hand, I guess you're engaging in force against the jewelry, just like you would be with the car. I mean, I guess I don't understand. I mean, is your argument that because a car is such a dangerous instrumentality that it creates a higher level of danger all the time than the stealing of a pocketbook or, you know, a ring or whatever? Or what is exactly your argument? Yes, that where the force is in driving the car over the victim's resistance. For the carjacking statute, the victim would have to be immediately present and would have to be physically resisting the taking of the vehicle, driving the vehicle away in an escape. In those circumstances, that is capable of pain or injury to that victim. And I would also like to... We're still looking at the human being and the danger of injury or death to that human being. We're not looking at whether it hurts the car, right? Is that your point? I think that the court could look at it either way, but I think that what gives most effect to the carjacking statute and what shows that it's a crime of violence under 18 U.S.C. 16a is that you have a use of force. You have a force against the car to make the escape. And that use of force is capable of causing pain or injury to the victim who is immediately present and who is resisting that taking. So is the pattern... Part of my question was whether the pattern instructions or other indicia of California law on the point about force, is that different in the context of carjacking versus other forms of robbery? I think that on its face it's the same in that it's force sufficient to overcome the victim's resistance. But I think that a distinction is that with carjacking, the force can be the movement of the car over the victim's resistance while they are immediately present. And that's not something that will always be the case with robbery. In the example of stealing someone's jewelry, robbing someone of their jewelry or a pocketbook, for instance, that might not involve... that might not be capable of pain or injury. But when the person is driving a car intentionally to make the escape... If there were a separate crime of robbery of a firearm, you'd be making similar arguments, I take it, that it's inherently more of a dangerous instrumentality to the person from whom it is being taken? I wouldn't want to... I haven't thought through that situation and I wouldn't want to speculate about what our arguments would be in that sort of hypothetical situation. But as far as the distinction between carjacking and robbery being that there's always going to be that car involved and that the force in driving a vehicle, which is already inherently dangerous, but when it's being driven for purposes of escaping with that vehicle while the victim is physically resisting and is right there, that that is force against the car, which is capable of causing pain or injury to the victim. I would also... I would like to refer back to Dixon to say that that case was deciding the issue of whether robbery was a violent felony under the Armed Career Criminal Act and that the distinction between the issue there of whether robbery was a violent felony under the ACCA is different than whether carjacking is a crime of violence under 18 U.S.C. 16a because we have a different statute, which is carjacking, and we also have the different federal statute, which applies to use of force against a person or property. But if I look at 18 U.S.C. 16a, it seems to me that even if I look at a or I look at others, other parts of this, but a, since you're focusing on it, it still seems like Dixon would be controlling because in the context of 211, the fear is defined as either the fear of an unlawful injury to the person or property of the person robbed or the relative of his or her member of his family, or two, the fear of an immediate and unlawful injury to the person or property of anyone in the company of the person robbed at the time of the robbery. So there, it seems to me that looking at fear, neither of those definitions suggest violent force. Your Honor, I think that in terms of fear being defined as fear of injury, I think that that does match with 16a, with a threatened or attempted use of force. I quoted 16a because that's why I wanted you to think about fear. In the context where I define fear either one or two, neither of those definitions of fear suggest violent force. So therefore, it doesn't seem to me that I can make this a crime of violence. And I would respond to that, Your Honor, by saying that since the defendant would have to use force or fear, I think that that matches with 16a because it could be, if the use of fear is causing the person to fear injury to a person or to property. Every time, that's violent force? I think that it would be, because I think that Johnson... I understand. And then your argument is, I can just read those elements there and naturally jump to the conclusion that that's a violent force. I think that... Because if it isn't violent force, I can't get there. Because any physical force isn't enough. Judge Graber just said so in Geozos. I don't know how she said it, but that's how I said it. I don't know how I said it either. I mean, that's the problem I have with your argument. I don't know how to get there. I'm trying to look under 16a to get there. I can't. If I try to compare it to what we did in Dixon, I don't get there. So I'm not there anymore. I'm sorry, Your Honor. And if I may... You may quickly sum up. You're well over your time. Okay, thank you. At the minimum conduct necessary for carjacking, where the taking is peaceful and the moving the car away is the movement of the car itself, that is violent physical force because under the language of the carjacking statute, the person would have to be immediately present, and case law shows they would have to be physically resisting. The movement of that car, the application of force to the car in making the escape, that moving vehicle is capable of causing pain or injury to the victim who's physically resisting. That, I would say, best sums up our position. Thank you, counsel. Thank you. Ms. Benjamin, I understand you're going to be doing rebuttal. Good morning, Your Honor. In our remaining time, I'd just like to reiterate that there are two independent grounds by which the California Section 215 is broader than the aggravated felony crime of violence, the lack of mens rea requirement, and the insufficient quantum of force. And if the Court has no further questions on that offense, I'll turn to the theft issue. With regards to theft, in instances where it would be an idle and useless formality, as this Court has held in Mondo-Hano-Royal v. Nkosi, to remand an issue to the BIA for a first decision, it's unnecessary to do so. And that case — No, I guess I can't get past the fact that it seems like most of the time when we do that, the Supreme Court reverses us with, you know, very severe admonitions about giving the agency the first opportunity to consider an issue that was before it but that it skipped over. What is wrong with sending it back? I don't understand why that is something that you're fighting against. Your Honor, here it's just an unnecessary expenditure of resources. And in addition, our client has been detained for two years now. And therefore, because this Court decides de novo on the match between State offenses and generic offenses, and where here there is a clear definition from the BIA on what constitutes a theft offense, and that theft offense pertains narrowly only to crimes against owners, whereas California Section 2 and 5 broadly applies to takings from anyone possessing a vehicle, anyone sitting in the vehicle, regardless of their ownership, there's no need for remand because the issue is clear. Has the BIA ever once determined that the offense fell within the generic definition? Or not. Either way. The BIA has been very clear that theft offenses pertain only to — Now, you didn't answer my question. As to this particular situation, with this particular statute, has the BIA ever determined that the offense fell within the generic definition? The BIA has not specifically addressed carjacking in a holding, but the BIA did note that the I.J. in this case clearly found our client, Mr. Slower-Rees, removable on both the theft-defense ground and on the crime-of-violence ground, and they noted that in their opinion. Well, that's the worry for you, though. The fact that the I.J. made the determination, and one might even say there are no factual issues to be resolved, the fact that the BIA didn't say anything more than just to note it and went the other way should give me some worry, shouldn't it, that I'll let them go first? Your Honor, there's no need because this Court will then reassess that match de novo. And that's why in Fregoso v. Holder, the Court says that this Court has plenary opinion to decide that first match, because there's no expertise that the BIA has to interpret State offenses. And therefore, where the California Supreme Court has expressly stated that Section 2 and 5 broadly applies to possessors, that information can be construed by this Court in determining the very clear match. Yes, but the BIA would have the opportunity to expand that definition. In other words, because they have never looked at card jacking, they might determine that theft does include possession and not mere ownership. So I guess, you know, they're not static and they don't have to be static. To respond to that, Your Honor, I would like to point to the case Mondo-Honoreal because it's in that case that this interprets one of the elements of theft offense, which is the criminal intent to deprive owners. And there this Court specifically in interpreting the BIA's definition said that the criminal intent to deprive third parties, which is anyone who's not the owner of a vehicle, does not satisfy the BIA's definition. So this Court has already interpreted the BIA's definition in making this possessor versus ownership claim. Thank you, counsel. You've exceeded your time as well. Yes. The case just argued is submitted. We particularly appreciate the assistance of the students from Stanford and your supervising attorney, and all counsel did a very fine job. We appreciate it. The case just argued is submitted, and we'll take about a seven or eight minute break.
judges: Graber, N.R. Smith, Zipps